IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BECKY SUE HAYES, | ) CASE NO. 1:15 CV 1543 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **REPORT & RECOMMENDATION** |
| Defendant. | ) |

Before me[1] in the matter of an action under 42 U.S.C. § § 405(g), 1383(c)(3) by Becky Sue Hayes for judicial review of a decision of the Commissioner of Social Security denying Hayes's application for disability insurance benefits[2] is the Commissioner's motion to dismiss the case on the grounds that it was untimely filed.[3] Hayes has responded in opposition to the motion[4] and has supplemented that response with a submission of evidentiary materials.[5] For the reasons that follow, I recommend that the Commissioner's motion be denied and an order filed requiring the filing of an answer, as well as setting forth the briefing schedule for all further filings.

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Christopher A. Boyko in a non-document order entered on August 5, 2015.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 11.

The essential facts related to the motion are straightforward and not in dispute. Essentially, on May 13, 2014 the Appeals Council denied Hayes's request for a review of an adverse decision by the ALJ.[6] On June 25, 2015, the Appeals Council, in response to Hayes's request for more time to file a civil action, issued a notice granting Hayes an additional thirty days from the receipt of that notice to file a civil action.[7] Hayes did not file the present action until August 5, 2015.[8] Because Hayes is presumed to have received the notice from the Appeals Council within five days, or by June 30, 2015, she was required to have filed any civil action by July 30, 2015, thus making the actual filing of August 5, 2015 untimely.[9]

For her part, Hayes concedes her filing was five days beyond the sixty day period set out in the notice,[10] but argues that the time period should be equitably tolled because, although she had notified the Appeals Council on May 8, 2014 that she had retained new counsel and provided the Appeals Council an address for that new counsel, the Appeals Council sent the notice to the address of the prior counsel, resulting in current counsel having no information about the notice.[11] Moreover, these events occurred at the same time Hayes

---

[6] ECF # 9 at 1 (citing record).

[7] *Id*. at 1-2 (citing record).

[8] *Id*. at 2 (citing record).

[9] *Id*. at 3.

[10] ECF # 10 at 2.

[11] *Id*. at 3 (citing record).

was moving into a homeless shelter, which delayed her receipt of her copy of the notice.[12] As soon as Hayes's current counsel was informed of the notice and the extension of time for filing, the present complaint was filed.[13]

> The 60-day time limit in 42 U.S.C. § 405(g) is not jurisdictional, but a period of limitations which, consistent with congressional purpose, may be tolled when equity so requires. *Bowen v. New York*, 476 U.S. 467, 474, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). The *Bowen* court noted circumstances such as illness, accident, destruction of records, mistake, or a claimant's misunderstanding of the appeals process as circumstances under which the statute of limitations may be equitable tolled. *Id.* at n.12. The Sixth Circuit uses a five-factor analysis in determining whether equitable tolling is appropriate, analyzing the following: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for the filing of his claim." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).[14]

A review of the uncontroverted facts shows that Hayes was diligent in pursuing her rights, and was careful to timely the Appeals Council of her change of attorneys and the address of her new counsel. Moreover, the delay in receiving her personal copy of the notice seems solely due the difficulties of accomplishing mail delivery in the context of a move to a homeless shelter - an event for which Hayes should not be punished. Further, current counsel for the claimant appears to have acted swiftly when informed of the notice. Finally, I can discern no showing of how the Commissioner would be prejudiced by

---

[12] *Id.*

[13] *Id.*

[14] *Fender v. Comm'r of Soc. Sec.*, Case No. 1-11-cv-412, 2012 WL 1623558 at*1 (S.D. Ohio, May 9, 2012).

permitting this case to proceed, but can clearly see that it would be fundamentally unfair to Hayes if her case was dismissed.

Thus, under the circumstances of this case, I recommend that Hayes is entitled to equitable tolling and so the Commissioner's motion to dismiss should be denied.


Dated: October 12, 2016                                   s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[15]

---

[15] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).